IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keith Coleman, | : | |
| Petitioner | : | Civil Action 2:14-cv-0541 |
| v. | : | Judge Graham |
| Gwen Howe-Gebers, *et al.*, | : | Magistrate Judge Abel |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

Petitioner Keith Coleman, a state prisoner incarcerated at the North Central Correctional Institution, brings this action which he characterizes as a civil rights complaint under 42 U.S.C. § 1983, but which the Court treats as a petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner's June 9, 2014 motion for leave to proceed *in forma pauperis* (doc. 1) is GRANTED. This matter is before the Magistrate Judge on the Court's own motion. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The petition alleges that respondents have unlawfully restrained petitioner Coleman's liberty. Coleman was convicted in February 2014 in the Court of Common Pleas for Wood County, Ohio of a fourth degree felony in violation of Ohio Revised Code § 2925.035. He was sentenced to a term of one year and four months imprisonment. (http://www.drc.ohio.gov/OffenderSearch/details.aspx?id=A698013&pg=x) Petitioner alleges that he is held in the custody of respondents in violation of the

Constitution of the United States in that he is not guilty of the offense for which he stands convicted.

A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997).

Here the complaint prays that petitioner be released from prison. Petitioner also seeks money damages. However, a decision in petitioner's favor would necessarily undermine his criminal conviction. Consequently, his sole remedy is through habeas corpus. Since his convictions have not been set aside, he is not entitled to seek relief under 42 U.S.C. § 1983. *Heck*, above.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F. 2d 878 (6th Cir. 1990). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v. Foltz,* 824 F. 2d 494 (6th Cir. 1987).

The complaint also contains allegations regarding petitioner's conditions of confinement, but none of these allegations pleads sufficient facts to give any named defendant fair notice of what they are alleged to have done to deprive Coleman of a constitutional right and when they are alleged to have engaged in actionable conduct.

WHEREUPON, the Magistrate Judge RECOMMENDS that the petition be dismissed because it fails to state a claim for relief under 42 U.S.C. § 1983 and because petitioner has failed to exhaust his Ohio court remedies for his federal habeas corpus claims.

If any party objects to this Order, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Copies of the petition and this Order shall be mailed to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

s/Mark R. Abel
United States Magistrate Judge
